UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLO MEDINA,

    Petitioner,                                            CIVIL ACTION NO. 2:11-cv-12340

v.                                                     HON. GERALD E. ROSEN

JEFFREY WOODS,

    Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO
STRIKE AND DEEMING SUPPLEMENTAL AUTHORITY FILED**

This 28 U.S.C. § 2254 matter is before the Court because, on October 1, 2012, Respondent filed a "Motion to Strike Petitioner's Supplemental Brief." See ECF No. 24. Respondent argues that Petitioner Marlo Medina's supplemental brief, filed on August 14, 2012 [ECF No. 23], should be stricken because the rules do not provide for supplemental briefing and he has not exhausted the claims presented in the supplemental brief with the state courts. Petitioner filed a response to Respondent's motion, contending that Respondent's arguments are without merit. The Court agrees with Petitioner. Therefore, the Court will deny the motion.

Petitioner is a state prisoner incarcerated by the Michigan Department of Corrections, currently housed at the Kinross Correctional Facility in Kincheloe, Michigan, where he is serving a sentence of sixteen to twenty-four years for the delivery of 1,000 grams or more of cocaine. Petitioner pleaded guilty in the Circuit Court in Saginaw County, Michigan, on January 3, 2008. See Plea Hr'g Tr., ECF No. 9-3. Both state appellate courts affirmed his conviction and sentence. *People v. Medina*, No. 293561 (Mich. Ct. App. Sept. 30, 2009); *People v. Medina*, 486 Mich. 933, 781 N.W.2d 852 (2010). Petitioner neither filed a petition for a writ of certiorari with the Untied

States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, he filed his habeas petition on May 26, 2011. See Pet'r's Pet. for Writ of Habeas Corpus, ECF No. 1. Respondent filed his answer and the Rule 5 materials on December 5, 2011. See ECF Nos. 8-10.

Having reviewed Petitioner's claims raised in the state appellate court and in this Court, the Court finds that he is not alleging any new claims, as stated by Respondent. Rather, it appears to the Court that Petitioner simply filed the supplemental authority for the purpose of bringing to the Court's attention the most recent United States Supreme Court cases dealing with claims involving the ineffective assistance of counsel and guilty pleas. *Lafler v. Cooper*, --- U.S. ---, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399 (2012). The Court believes that Petitioner cites to the new authority with the intention that the Court consider that authority.

Moreover, the Court finds that the claims presented in Petitioner's habeas petition have been exhausted in the state courts. See ECF Nos. 9-7 & 9-8. Additionally, there is nothing in the local rules or the Rules Governing Section 2254 Cases prohibiting the filing of supplemental authority.

Accordingly, Respondent's "Motion to Strike Supplemental Brief" [ECF No. 24] is DENIED.

Petitioner's Supplemental Brief [ECF No. 23] is deemed filed.

SO ORDERED.


Dated:  November 27, 2012                   s/Gerald E. Rosen
                                            Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon parties or counsel of record on November 27, 2012, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager