**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARLO MEDINA,

      Petitioner,

                      CASE NO. 2:11-CV-12340
v.                      HONORABLE GERALD E. ROSEN
                      UNITED STATES DISTRICT JUDGE
JEFFREY WOODS,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Marlo Medina, ("petitioner"), confined at the Kinross Correctional Facility in Chippewa County, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction and sentence for delivery of 1,000 grams or more cocaine, M.C.L. 333.7401(2)(a)(I).  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

### I. Background

In 2007, petitioner was charged with delivery of 1,000 grams or more of cocaine, for an offense which had taken place in Saginaw, Michigan.  At the preliminary examination, Alejandro I. Ornelas testified that petitioner had

1

approached him several times in the past in connection with drug dealings, asking if he would like to do some business with his "his boy," and that Ornelas always turned him down.  (Prelim. Tr. pp. 7,9).  This occurred about five times over the previous four years.  (*Id.* at 40).  Petitioner approached Ornelas "Six to four months before" Ornelas agreed to work with the police and asked if he was interested in doing some business. (*Id.* at 10-11).  In early February, 2007, Ornelas agreed to work with the police, after his supplier had been arrested, and contacted petitioner about acquiring some cocaine.  (*Id.* at 8-9, 11). Petitioner met with Ornelas and discussed the terms of the transaction at two separate restaurants before continuing the discussions on numerous occasions at Ornelas's house. (*Id.* at 12-17).  The men agreed upon a price of $19,500 per kilogram of cocaine. (*Id.* at 30).

Petitioner and Ornelas reached an agreement wherein Ornelas would pay $30,000 cash to petitioner at petitioner's house and the balance when petitioner delivered the cocaine to Ornelas's house. (*Id.* at 19-21).  Petitioner arrived at the house a while later, telling Ornelas to put on some old shoes and go look for the bag of cocaine in the yard under some pine trees. (*Id.* at 23-26).  Petitioner had placed the cocaine there earlier. (*Id.* at 34).  Both went to the location, picked up the bag and brought it back into the house.  Ornelas testified that petitioner explained that there were only four kilos of cocaine, not five as agreed upon, because he had already sold one of the kilos to an unspecified buyer.  Ornelas

2

further testified that he opened each packet, tasted the contents, and believed

that each contained cocaine of high quality. (*Id.* at 26-29).  Petitioner requested

that Ornelas sell him half a kilo that they, meaning petitioner and his cousin, had

agreed to sell to another.  (*Id.* at 33).  When petitioner left with the money,

Ornelas told him to be careful and shut the door behind him.  (*Id.*).  Police then

came into the house, retrieved the cocaine, and arrested petitioner.  (*Id.* at 34).

On January 3, 2008, petitioner pleaded guilty to one count of delivery of a

controlled substance (cocaine) in excess of 1000 grams. (Plea Tr. 1/3/2008, p. 3).

Prior to entering the plea, the trial court judge enunciated the rights that petitioner

would relinquish upon rendering a guilty plea. (*Id.* at 5)   Petitioner indicated on

the record that he understood and had signed an advice of rights form to the

same effect.  (*Id.* at 5-6).  Petitioner also acknowledged that by pleading guilty, he

was waiving his appeal of right. (*Id.* at 6).  Petitioner indicated on the record that

no one had forced or coerced him into pleading guilty.  Petitioner also indicated

that he had been promised nothing to induce him to plead guilty.  Petitioner

stated that he was pleading freely and voluntarily because he was guilty. (*Id.* at

6-8).  Petitioner stated on the record:

> The Defendant: On March 22nd I was contacted by a gentleman named
> Alex Ornelas and - - to purchase cocaine. I met with him and we had
> discussed  that he – what he wanted to purchase and how much, and we
> had – there was an amount that was set that we were – that he was going
> to purchase and how much it was going to be. And we met to – he gave me
> $30,000 in advance and counted out the $30,000, and the rest was going
> to be given to me upon delivery of the cocaine.

3

The Court: All right. And do you agree that the amount involved was more than a thousand grams?

The Defendant: Yes.

The Court: All right. Mr. Best, questions?

Mr. Best: Mr Medina, you did, in fact, deliver four kilograms to Mr. Ornelas, is that correct?

The Defendant: Yes.

(*Id.* at 9).

At sentencing, the prosecutor requested the court exceed the guidelines while trial counsel requested that the court depart and sentence petitioner below the guidelines.  Finding that a substantial and compelling reason did not exist to depart either upwards or downwards, the trial court sentenced petitioner to 16-24 years, within his guidelines. (Sentencing Tr. 8/12/08, p. 57).

The Michigan Court of Appeals denied petitioner's application for leave to appeal. *People v. Medina,* No. 293561 (Mich.Ct.App. September 30, 2009).  The Michigan Supreme Court denied petitioner leave to appeal. *People v. Medina*, 486 Mich. 933 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The petitioner's Fifth Amendment Due Process Rights were violated because his sentence was based on inaccurate information concerning (1) his role in the offense and the value of the drugs delivered, (2) uncharged conduct that he did not commit, (3) unproven, false allegations that this was the "largest drug bust" in Saginaw County, and (4) false denials that Medina cooperated.

4

II. The petitioner's Fifth Amendment Due Process Rights at sentencing were violated by prosecutorial misconduct when the prosecutor vindictively tried to increase the defendant's sentence beyond a sentence bargain offered by the prosecution and rejected by the defendant and provided the court with false information and emotional arguments which inflamed the court and foreclosed the court's consideration of much mitigating evidence.

III. Petitioner's Sixth Amendment Rights were violated when defense counsel was ineffective because he failed to assert a valid defense of entrapment before pleading his client guilty, and because he failed to raise a valid sentencing entrapment issue at sentencing.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when

5

"a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could

6

disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

In the present case, the Michigan Court of Appeals on petitioner's direct appeal denied petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington,* 131 S. Ct. at 784. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 785.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court

7

subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell,* 692 F. 3d 486, 492-94 (6th Cir. 2012); *Hardaway v. Robinson,* 655 F. 3d 445, 447, 449, n. 1 (6th Cir. 2011).

### III.  Discussion

#### A.  Claim # 1. Sentence based on inaccurate and unproven information.

Petitioner first contends that he should be resentenced before a different judge because his sentencing was based on inaccurate and unproven information that petitioner had been involved in "the largest drug bust" in Saginaw County history.  Petitioner also alleges that the trial court failed define petitioner's role in connection with the drug activity and disputes the value determination of the drugs sold.  Petitioner further claims that the trial court improperly considered testimony pertaining to a fifth kilo that had been delivered to someone else, conduct for which petitioner had not been charged. Finally, petitioner contends that he was sentenced on information alleging that he did not provide any valuable information when, in fact, he provided information pertaining to his cousin and supplier (Llamas) whom the prosecutor refrained from charging.  In the body of petitioner's brief he also claims that his sentence was disproportionate compared to other offenders charged with the same offense and that he should be resentenced before a different judge.

8

A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. 736, 741 (1948)(stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law). In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F. 2d 343, 345-346 (6th Cir. 1974); *Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999). Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

In the present case, petitioner has failed to show that the judge relied on inaccurate information in imposing sentence. The judge sentenced petitioner to a minimum sentence of sixteen years, which was within the sentencing guidelines range of 10 years, 6 months to 17 years, six months. In sentencing petitioner, the judge did not indicate that he believed that petitioner had been involved in the largest drug bust in the history of Saginaw County, nor mention a particular dollar value amount for the drugs sold. (Sentencing Tr. pp. 54-58). Although the judge mentioned that petitioner had been involved in the sale of four kilograms of

9

cocaine, petitioner had admitted to this fact at his plea.  Although the prosecutor mentioned petitioner's involvement with the sale of a fifth kilogram of cocaine, the judge did not mention this fifth kilogram in imposing sentence.  Because petitioner has failed to show that the judge relied on inaccurate information in imposing sentence, he is not entitled to habeas relief.

Petitioner also claims that the sentencing court failed to consider that petitioner had provided the police with valuable information regarding his cousin's involvement in narcotics as a basis for mitigating his sentence.  Petitioner's claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf also fails to state a claim upon which habeas relief can be granted, because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill*, 252 F. 3d 1066, 1069 (9th Cir. 2001)(citing to *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991)); *See also Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001)(Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases).  Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred because of the state trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Finally, petitioner contends that his sentence was not proportionate when compared to other defendants on the same offense in the same county.

10

The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. at 965, a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F. 3d 298, 302 (6th Cir. 2000).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. See *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Therefore, successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980).

In the present case, petitioner's sentence of 16 to 24 years in prison was within the statutory limits of delivery of a controlled substance in excess of 1000 grams. The trial judge sentenced petitioner to less than the maximum sentence of life imprisonment. Moreover, petitioner's minimum sentence of 16 to 24 years was within the sentencing guidelines range. In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate. See *Hastings v. Yukins*, 194 F. Supp. 2d at 673-74 (E.D. Mich. 2002)(citing to *People v. Bailey*,

11

218 Mich. App. 645, 647; 554 N. W. 2d 391 (1996)).  This Court concludes that petitioner's sentence of 16 to 24 years in prison for delivery of a controlled substance in excess of 1000 grams was not extreme or grossly disproportionate to the offense or to the offender, so as to entitle him to habeas relief.  Petitioner is not entitled to relief on his first claim.

### B.  Claim # 2.  Prosecutorial misconduct at sentencing.

Petitioner next claims alleges that the prosecutor vindictively tried to increase petitioner's sentence beyond a sentence agreement that had earlier been offered by the prosecution and rejected by petitioner.

It is "'patently unconstitutional'" for a prosecutor to pursue a course of action whose objective is to penalize a criminal defendant's reliance on his protected statutory or constitutional rights. *See United States v. Goodwin,* 457 U.S. 368, 372 n. 4 (1982)(quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)).  "A prosecutor vindictively prosecutes a person when he or she acts to deter the exercise of a protected right by the person prosecuted." *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir.1991).  Therefore, "a criminal prosecution which would not have been initiated but for vindictiveness is constitutionally prohibited." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001)(citing *United States v. Adams*, 870 F. 2d 1140, 1145 (6th Cir.1989)(quoting *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974)).

A criminal defendant may prove prosecutorial vindictiveness through one of

12

two ways.  First, a defendant may demonstrate "actual vindictiveness," by establishing "through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan*,  249 F. 3d at 481 (citing *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987)(citing *Goodwin*, 457 U.S. at 380-81, 384 & n. 19)).  This type of showing, however, is "exceedingly difficult to make." *Id.* (quoting *Meyer*, 810 F. 2d at 1245).

Second, a defendant may show that in his particular case, there existed a "'realistic likelihood of vindictiveness'" for the prosecutor's action. *Bragan*, 249 F. 3d at 481(quoting *United States v. Andrews*, 633 F. 2d 449, 453 (6th Cir. 1980). "A court may only presume an improper vindictive motive when a reasonable likelihood of vindictiveness exists." *Id.* (citing *Goodwin*, 457 U.S. at 373).  A habeas petitioner must show that (1) the prosecutor had "some 'stake'" in deterring the petitioner's exercise of his rights and (2) that the prosecutor's conduct was somehow "unreasonable." *Id.* at 482.

Petitioner has failed to show that he was the victim of prosecutorial vindictiveness.  In the present case, petitioner rejected the sentencing agreement offered by the prosecutor, resulting in the prosecutor asking for an above the guideline sentence after petitioner subsequently pleaded guilty without the benefit of a plea bargain.

In *Bordenkircher v. Hayes*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not prohibit a prosecutor from

13

carrying out a threat, made during plea negotiations, to bring additional charges

against a criminal defendant who refuses to plead guilty to the offense or

offenses for which he was originally charged.  The Supreme Court ruled that in a

plea bargaining situation, "there is no such element of punishment or retaliation

as long as the accused is free to accept or reject the prosecutor's offer." *Id.* 434

U.S. at 363.

> In *United States v. Goodwin, supra*, the Supreme Court commented:
>
> [T]he outcome in *Bordenkircher* was mandated by this Court's acceptance of plea negotiation as a legitimate process.  In declining to apply a presumption of vindictiveness, the Court recognized that "additional" charges obtained by a prosecutor could not necessarily be characterized as an impermissible "penalty." Since charges brought in an original indictment may be abandoned by the prosecutor in the course of plea negotiation-in often what is clearly a "benefit" to the defendant-changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial "vindictiveness."  An initial indictment-from which the prosecutor embarks on a course of plea negotiation-does not necessarily define the extent of the legitimate interest in prosecution.  For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

*Goodwin*, 457 U.S. at 378-80.

Therefore, "the mere fact that a defendant refuses to plead guilty and

forces the government to prove its case is insufficient to warrant a presumption

that subsequent changes in the charging decision are unjustified." *Goodwin*, 457

U.S. at 382-83.  The Supreme Court further noted that: "[T]he possibility that a

prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so unlikely that a presumption of vindictiveness certainly is not warranted." *Id.* At 384 (emphasis original).

The Sixth Circuit has repeatedly held that the pretrial addition of criminal charges against a defendant after he refuses to plead guilty does not amount to vindictive prosecution. See *U.S. v. DeJohn*, 368 F. 3d 533, 545 (6th Cir. 2004); *United States v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002), *United States v. Suarez,* 263 F.3d 468, 479-80 (6th Cir.2001), *Andrews,* 633 F. 2d at 456.  Indeed, a prosecutor may hold some criminal charges against a defendant in abeyance as an inducement during plea bargain negotiations, without being vindictive, so long as the additional charges are supported by probable cause. See *Suarez*, 263 F. 3d at 480.

In the present case, the prosecutor did not act improperly by asking for an above the guideline sentence, because petitioner had rejected the original plea bargain.  More importantly, petitioner has failed to show that he was prejudiced by the prosecutor's request that the judge sentence petitioner to above the sentencing guidelines range because the judge refused to do so, choosing instead to sentence petitioner within the sentencing guidelines range.  Petitioner has therefore failed to show that he was deprived of his Fourteenth Amendment due process rights because of prosecutorial vindictiveness. Petitioner's second

15

claim does not merit relief.

### C. Claim # 3. Ineffective assistance of trial counsel.

Petitioner's third and final claim alleges that trial counsel was ineffective by failing to raise a valid defense of entrapment before pleading his client guilty and by failing to raise a valid sentencing entrapment issue at sentencing.

To show that a denial of the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S.

16

Ct. at 792).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); See also *U.S. v. Martin*, 526 F. 3d 926, 932 (6th Cir. 2008).  Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 Fed. Appx. 307, 309 (6th Cir. 2001); *See also Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement).  In the present case, petitioner indicated he had discussed his case with counsel, was in agreement with what his attorney had proposed, and understood the rights which would be waived. (Plea Tr. 1/3/2008, pp. 5-6). Petitioner's plea of guilty forecloses any challenges to any pre-plea claims of ineffective assistance of counsel involving counsel's failure to raise an

17

entrapment defense prior to petitioner entering his plea of guilty.

Petitioner next claims that trial counsel was ineffective in failing to raise a claim of sentencing entrapment at petitioner's sentencing.

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens,* 851 F. 2d 140, 145 (6th Cir. 1988).  However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002).  The Ninth Circuit has noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in Strickland, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F. 3d 1236, 1244 & n. 39 (9th Cir. 2005)(quoting *Strickland*, 466 U.S. at 686).  Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide petitioner with a basis for habeas relief on his claim. *Id., See also Davis v. Grigas*, 443 F. 3d 1155, 1158 (9th Cir.

18

2006).

In any event, assuming that *Strickland* applies to noncapital sentencings, petitioner has failed to show that his trial counsel was ineffective for failing to raise a sentencing entrapment claim.

Although not yet formally recognizing this doctrine, the Sixth Circuit has defined sentencing entrapment as "outrageous official conduct [which] overcomes the will of an individual predisposed only to dealing in small quantities for the purpose of increasing the amount of drugs and the resulting sentence of the entrapped defendant." *United States v. Hill*, 198 F. 3d 248, 1999 WL 1073672, * 6, fn. 9 (6th Cir. November 15, 1999).  If there is such a thing as sentencing entrapment, "it can exist only in a habitat where there is no predisposition to do the thing that results in the higher sentence." *United States v. Fears*, 991 F. 2d 796, 1993 WL 94303, * 3, fn. 3 (6th Cir. March 30, 1993).  In proving sentencing entrapment, a defendant has the burden of proof to demonstrate that he had neither the intent nor the resources for completing the transaction. *United States v. Stavig*, 80 F. 3d 1241, 1246-1247 (8th Cir. 1996)(citing to *United States v. Naranjo*, 52 F. 3d 245, 250 (9th Cir. 1994)).  The burden of proof also includes demonstrating a lack of a predisposition to engage in the greater offense. *United States v. Martinez-Villegas*, 993 F. Supp. 766, 775 (C.D. Cal. 1998).

Petitioner has failed to demonstrate that he was not predisposed to committing the delivery of over 1,000 grams of cocaine.  The main element in any

19

entrapment defense is the defendant's disposition, that is, "whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to commit the crime." *Matthews v. United States*, 485 U.S. 58, 63 (1988)(quoting *Sherman v. United States*, 356 U.S. 369, 372 (1958)). The only evidence that petitioner offers to support his sentencing entrapment claim are the taped conversations between himself and the informant, which he contends supports his claim that he was entrapped into selling drugs.  The record reflects that petitioner approached the informant in the past asking if the informant would be interested in doing business with his "boy," meaning petitioner's cousin.  Persons like petitioner, who are "ready, willing and able to deal in drugs" can hardly be described as innocents. *United States v. Walls*, 70 F. 3d 1323, 1329 (D.C.Cir. 1995).  Moreover, the meetings and conversations demonstrate that petitioner willingly and without hesitation agreed to sell these amounts of cocaine to the informant.  No sentencing entrapment occurs if a defendant shows no hesitation in committing the crimes for which he or she was convicted, even if government agents engaged in conduct to ensure stiffer penalties. *United States v. Glover*, 153 F. 3d 749, 753 (D.C.Cir. 1998).  Because the evidence does not show that petitioner was pressured into selling large quantities of cocaine to the informant but entered into the transaction "willingly and enthusiastically," petitioner's sentencing entrapment claim is without merit. *United States v. Henson*, 123 F. 3d 1223, 1242 (9th Cir. 1997).  Furthermore,

20

because petitioner was predisposed to deal  cocaine, counsel was not ineffective for failing to raise a sentencing entrapment claim. *See Biggs v. United States*, 3 Fed. Appx. 445, 448 (6th Cir. 2001).

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F.

21

Supp. 2d 852, 880 (E.D. Mich. 2002).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of

habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 26, 2013

I hereby certify that a copy of the foregoing document was served upon the
parties and/or counsel of record on September 26, 2013, by electronic and/or
ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135