**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARLO MEDINA,

       Petitioner,

v.

           CASE NO. 2:11-CV-12340
           HONORABLE GERALD E. ROSEN
           UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,
       Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR REHEARING, RECONSIDERATION, AND FOR NEW TRIAL AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

On September 26, 2013, this Court denied petitioner a writ of habeas corpus and declined to issue a certificate of appealability. Petitioner has now filed a motion for rehearing, reconsideration, and for new trial. For the reasons that follow, the motion for rehearing, reconsideration, and for a new trial is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner initially claims in his motion for reconsideration that this Court failed to

address a dispositive issue, namely, his claim that trial counsel was ineffective for failing to communicate a plea bargain offer of a twelve year cap on the minimum sentence to petitioner.

In his original petition, petitioner raised an ineffective assistance of counsel claim pertaining to the failure to raise an entrapment defense prior to petitioner pleading guilty as charged. Petitioner's counsel also raised a claim that trial counsel was ineffective for not raising a sentencing entrapment claim at sentencing. In his original petition, petitioner did not raise a separate claim that trial counsel had been ineffective for failing to communicate a plea bargain offer to petitioner.

On August 14, 2012, petitioner's counsel filed a supplemental brief in support of petitioner's habeas petition along with an affidavit that had been signed by petitioner on July 26, 2012. In his supplemental brief, petitioner's counsel cited to the new Supreme Court case of *Lafler v. Cooper,* 132 S. Ct. 1376 (2012), where the Supreme Court held that the failure to communicate a plea bargain offer to a client can amount to the ineffective assistance of counsel. Respondent filed a motion to strike the supplemental brief on the ground that any claim arising out of the Supreme Court's decision in *Lafler* had yet to be exhausted in the state courts.

Petitioner's counsel filed a reply brief to the motion to strike, in which he argued that the arguments raised in the supplemental brief were not new claims but were simply additional case authority in support of the claims that he had raised in his original petition:

> Here, the supplemental brief was not filed to raise new claims, but to cite to new authority - Supreme Court cases - decided after the petition was filed in this case but applicable to the petitioner's claims, given the new authority, but the claims the new authority is applicable to are not new.

2

Response to Respondent's Motion to Strike Petitioner's Supplemental Brief, p. 1.

Petitioner's Counsel then states:

> Second, the new authority cited to the court in the Supplemental Brief clearly address claims that were exhausted in the state court and raised in the petition pending before this court.

*Id.*, p. 1.

Counsel then claims again that,

> The issues the new authority is applicable to were exhausted in the state court and are presented in this petition.

*Id.,* p. 2.

This Court denied the Motion to Strike the Supplemental Brief by adopting petitioner's counsel's argument that the supplemental brief was merely additional case law in support of the claims found in petitioner's original habeas petition, being that counsel represented that there were no new issues. Petitioner raised in his habeas petition a number of sentencing issues in addition to a claim that the prosecutor was vindictive at sentencing. Petitioner also raised a claim that trial counsel was ineffective for pleading petitioner guilty without raising an entrapment defense and for failing to raise a sentencing entrapment claim at sentencing. The supplemental brief was allowed in support of these claims. Being that a claim pertaining to the failure to communicate a plea agreement had not been briefed before this Court, or any court, the supplemental brief was allowed solely for additional legal support of the claims raised by petitioner in his original habeas petition. The petition for writ of habeas corpus, and not briefs or other documents, provides the basis for granting a writ of habeas corpus. *See Scott v. Hopkins*, 82 F. Supp. 2d 1039, 1050 (D. Neb. 1999). Because petitioner's counsel never raised a specific claim in his

3

original petition that counsel was ineffective for failing to communicate a plea bargain offer to petitioner, any such claim was never properly before this Court.

Moreover, having reviewed the state appellate court briefs filed by petitioner's counsel, it does not appear that any claim that counsel had failed to communicate a plea bargain offer to petitioner has been properly exhausted with the state courts. Petitioner's counsel raised in the Michigan appellate courts a claim that trial counsel was ineffective for failing to run an entrapment defense prior to advising petitioner to plead guilty as charged and for failing to raise a sentencing entrapment issue. Although within the appellate brief counsel did a throwaway line about petitioner not being advised of the twelve year offer, he did not raise this claim in the heading of his appellate briefs. [1] In addition, petitioner did not present any affidavit or other evidence in support of this claim in the state courts, first signing an affidavit in July of 2012 and attaching it to his supplemental brief that he filed with this Court. M.C.R. 7.212(C)(5) requires a statement of the questions involved, with each issue for appeal separately numbered. See *Dando v. Yukins*, 461 F. 3d 791, 797 (6th Cir. 2006). By failing to include a specific claim that trial counsel was ineffective for failing to advise petitioner of a plea bargain offer in the headings in his appellate court briefs, petitioner did not fairly present this ineffective assistance of counsel claim to the state courts for purposes of properly exhausting this claim. *Wagner v. Smith*, 581 F.3d 410, 415-16 (6th Cir. 2009). Petitioner's brief reference to this claim within his state appellate court briefs would be insufficient to exhaust this claim for habeas purposes. A habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion

---

[1] Petitioner's state appellate court briefs can be found at Dkts. # 9-7 and 9-8 of this Court's docket.

4

requirement. *See Vasquez v. Jones*, 496 F. 3d 564, 568 (6th Cir. 2007).  Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000).

A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  An unexhausted claim may be addressed if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees*, 822 F. 2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  In these circumstances, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991).  Because petitioner's claim lacks merit, in the interests of efficiency and justice, the Court need not dismiss the petition on exhaustion grounds.

Having reviewed the record, not only has there never been a separate and independent claim raised by petitioner in either the state or federal courts pertaining to the failure to communicate a plea, there is no record support for such a claim.  Furthermore, the record is clear from statements made by both petitioner's current counsel and the prosecutor that a 12 year plea was offered and rejected by petitioner after communicating with his trial counsel.

A review of petitioner's original habeas petition shows that in his statement of facts,

5

in support of his prosecutorial vindictiveness claim, petitioner states that the prosecutor tried to increase the sentence beyond the minimum sentence that was "[o]ffered by the prosecution and rejected by the defendant[.]" See Brief in Support of Petition for Writ of Habeas Corpus, p. 14.  Furthermore, in the fact pattern provided by petitioner's current counsel, he cites to the April 17, 2009 transcript stating that "[M]edina rejected the plea bargain and chose to seek a more lenient sentence than what the prosecutor offered." *Id.* (citing PC [Tr. 4/17/09], pp. 32-35).  In a footnote, counsel mentions the post conviction hearing and states that "the defense rejected that offer because **they** (emphasis added) believed that was too harsh of a sentence." *Id.,* fn. 8 (citing PC 36-37).  Additionally, a review of the actual post-conviction hearing from April 17, 2009 shows that it is replete with comments by both petitioner's current counsel and the prosecutor pertaining to petitioner's rejection of the plea and argument regarding whether the resulting higher sentence constituted prosecutorial misconduct. There was no claim raised by petitioner's current counsel at this hearing regarding the alleged lack of communication of the twelve year plea bargain offer, no offer of proof contained within the eight exhibits entered by counsel at this hearing, and comments made by petitioner's current counsel and the prosecutor on the record make it clear that trial counsel discussed the plea agreement with petitioner prior to its rejection:

The Court takes notice of argument make by counsel in connection with the plea offer at the post-conviction hearing:

MR. EAMAN: [M]r. Feinberg did do an excellent job of presenting to the Court who Mr. Medina really was.

It seems the defendant has a right to reject a plea agreement he feels is too harsh[...]

6

[and] when a defendant rejects it because he considers it too harsh–

[a]nd, yet, when the defendant chooses his right to seek a more lenient sentence, the prosecutor,[...]

That seems, to me that the prosecutor is punishing Mr. Medina for exercising his right to try to obtain a more lenient sentence than what the prosecutor will agree to, and by punishing him and seeking a more serious sentence, he was successful.

Mr. Medina received the sentence that was four years in excess of what the prosecutor offered to Mr. Medina in a plea agreement which Mr. Medina rejected[.]

Tr. 4/17/09, pp. 34-35.

The prosecutor then responded:

Mr. Feinberg, after meeting with and discussing with Mr. Medina, decided to reject that offer.

Mr. Feinberg and his client made a decision that they believed [...]

[b]ut Mr. Feinberg and Mr. Medina exercised their judgment, made a choice; they rejected the prosecutor's offer, they decided to take the guidelines and however they fall [.]

The defendant decided, upon advice of Counsel, to plead, ask for a downward departure.

*Id.* at 36-37, 40.

Petitioner's counsel then responded to the prosecutor's remark as follows:

[I] think that it's important to know for the Court to consider at sentencing what the prosecutor's offer was in the case and what was rejected by the defendant[.]

[I] think they need to inform the Court of the higher sentence because the defendant rejected a 12-year plea [.]

*Id.* at 41-42.

It is apparent from the record that the 12 year plea agreement was communicated

7

to petitioner.  The soliloquy above supports that a plea was communicated and rejected by petitioner after conferring with trial counsel.  Petitioner's current counsel Mr. Eaman clearly argued at the post-conviction hearing in the state court and again before this Court that the prosecutor was vindictive for seeking a higher sentence than the 12 year plea agreement which "Mr. Medina rejected."  See Brief in Support of Petition for Writ of Habeas Corpus, p. 14.  The record lacks any claim that this plea was not communicated, and to the contrary, affirms that the plea was communicated and rejected by petitioner.   Moreover, petitioner's request pertaining to an evidentiary hearing in the state court was made in connection with the claim that counsel was ineffective for not pursuing an entrapment defense.  The trial court denied the request for the hearing finding that trial counsel was aware of the defense and was not ineffective for not bringing this defense on behalf of petitioner.  The hearing did not pertain to trial counsel's failure to communicate a plea offer. The record reflects that petitioner's claim before the state court pertained to the ineffective assistance of counsel regarding the failure to raise an entrapment defense and not trial counsel's failure to communicate a plea bargain offer to petitioner.

In summary, petitioner has failed to show that his claim involving trial counsel's failure to communicate the twelve year plea bargain was properly exhausted in the state courts, was properly before this Court, or has any merit.  Accordingly, he is not entitled to reconsideration of the Court's opinion and order denying habeas relief with respect to this claim.

Petitioner next contends that this Court erred in concluding that the ineffective assistance of counsel standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984) does not apply to non-capital sentencings.

8

Petitioner misapprehends this Court's finding.  This Court expressly noted in its opinion that the Sixth Circuit has applied *Strickland* to ineffective assistance of counsel claims arising out of non-capital sentencings in reviewing federal convictions on direct appeal. *See Medina,* Slip. Op. at * 18 (citing *United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988)).  The Court noted in passing that the Ninth Circuit had questioned whether the Supreme Court had expressly extended *Strickland* to non-capital sentencings, thus, there was a question as to whether there was clearly established federal law regarding ineffective assistance of counsel claims in non-capital sentencing cases, so as to provide petitioner with a  basis for habeas relief on his claim. *Id.*  However, the Court went on to rule that assuming that *Strickland* applied to non-capital sentencings, petitioner was unable to establish that he was prejudiced by counsel's failure to raise a sentencing entrapment claim because he failed to show that he was not predisposed to dealing cocaine, thus, counsel was not ineffective in failing to raise a sentencing entrapment claim. *Id.* at * 19-21. Because the Court did employ the *Strickland* standard in rejecting petitioner's claim involving counsel's failure to raise a sentencing entrapment issue, he is not entitled to reconsideration of the Court's order.

With respect to petitioner's remaining arguments in his motion for reconsideration, petitioner is merely attempting to re-hash arguments that he previously raised in his initial habeas application.  The Court will therefore deny petitioner's motion for rehearing, reconsideration, and new trial because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 Fed. Appx. 480, 486 (6th Cir. 2008)(issue of whether district court abused its discretion in denying defendant's motion for reconsideration was not the issue he was granted authority to appeal by district court in certificate of appealability, thus rendering Court of Appeals without authority to reach the merits of claim challenging calculation of time period for filing motion for reconsideration). This Court will also deny petitioner a certificate of appealability on his motion for rehearing, reconsideration, and for new trial because jurists of reason would not find this Court's resolution of petitioner's motion for rehearing, reconsideration, and for new trial to be debatable.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for rehearing, reconsideration, and for new trial [Dkt. # 29] is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  October 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

10